EDWARD Y. KIM
Acting United States Attorney for the
Southern District of New York
By:  SAMUEL DOLINGER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2677
samuel.dolinger@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>               v.<br><br>ROCKLAND COUNTY and VILLAGE OF SPRING VALLEY,<br><br>                               Defendants. | No. 25 Civ. 507<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff the United States of America ("United States"), by its attorney, Edward Y. Kim, Acting United States Attorney for the Southern District of New York, on behalf of the United States Department of Housing and Urban Development ("HUD"), alleges upon information and belief for its complaint against defendants Rockland County, New York ("Rockland County" or the "County") and the Village of Spring Valley, New York ("Spring Valley" or the "Village," and together with Rockland County, "Defendants"), as follows:

**INTRODUCTION**

1. The United States files this action, on behalf of HUD, to enforce the terms of a Voluntary Compliance Agreement and Conciliation Agreement (the "VCA" or the "Agreement"), as entered into in March 2018 and as amended in February 2021, requiring

Rockland County and Spring Valley to develop or rehabilitate affordable housing units meeting specified criteria by deadlines set forth in the Agreement.

2. The VCA resolved two administrative complaints filed with HUD. The administrative complaints alleged that a private developer used HUD grant funding to build 62 condominium units, but—contrary to legal requirements applicable to subrecipients of federal funding—designed and marketed those units specifically for use by White Hasidic Jewish homebuyers, and excluded prospective Black homebuyers from the process.

3. In response to those administrative complaints, HUD investigated whether Rockland County and Spring Valley—which were involved as recipients of the HUD grant funding in question—were on notice of the discriminatory practices of the private developer, which was their grant subrecipient, but failed to monitor and correct those practices and ensure that the condominium units were sold in a nondiscriminatory manner.

4. The VCA at issue in this action resolved those administrative complaints as to Rockland County and Spring Valley. Through the Agreement, Rockland County and Spring Valley agreed to ensure that a separate group of 62 affordable housing units would be developed or rehabilitated during a seven-year period. Those units were subject to a set of criteria specified in the Agreement, including affirmative marketing and affordability requirements.

5. The VCA included interim deadlines that required, *inter alia*, that Rockland County and Spring Valley complete approximately 25 of the affordable units within the first three years of the Agreement. However, only four affordable units meeting the requirements of the VCA were completed within this period.

6. At Defendants' request, in February 2021, HUD agreed with Rockland County and Spring Valley to extend the deadlines for Defendants to develop the 58 remaining affordable

housing units as required under the VCA. Under the revised deadlines, Rockland County and Spring Valley were required (among other things) to ensure the completion of an additional 18 affordable units by March 2023.

7.  Despite the extended timeline, Defendants failed to complete the additional 18 affordable housing units as required by the amended agreement by March 2023. In fact, since the Agreement was amended in 2021, Defendants failed to ensure the completion of a single additional affordable housing unit meeting the terms and criteria set forth in the VCA.

8.  In addition to failing to meet these interim deadlines of the VCA that have already passed, Defendants do not appear to be in a position to meet future deadlines of the amended VCA, including a deadline to build 15 additional affordable housing units by March 2025.

9.  Defendants are accordingly in material breach of the VCA.

10.  The United States brings this civil action to enforce provisions of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 (the "Fair Housing Act"), 42 U.S.C. § 3601 *et seq.*, seeking appropriate relief to remedy Defendants' breach of the VCA, including an order compelling Defendants to comply with the VCA and ensure the completion of the remaining affordable housing units required by the VCA within an appropriate period of time.

## JURISDICTION AND VENUE

11.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3614(b)(2).

12.  Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and Defendants reside in this district.

## PARTIES

13. Plaintiff is the United States of America, acting on behalf of HUD.

14. Defendant Rockland County is a county as defined by the laws of the State of New York. *See* N.Y. County Law § 3.

15. Defendant Village of Spring Valley is a village as defined by the laws of the State of New York. *See* N.Y. Village Law § 1-102. The Village of Spring Valley is located within Rockland County, New York.

## BACKGROUND

### A. HUD Administrative Complaints

16. Beginning in 2013, HUD investigated two administrative complaints filed against Spring Valley and Rockland County, as well as a private developer and two individuals, under the Fair Housing Act and Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d-1.

17. These administrative complaints alleged that the private developer received HUD Community Development Block Grant funding, but—in violation of the grant conditions and federal law—developed and sold the 62 condominium units completed as part of the project in a discriminatory fashion.

18. According to the allegations, the developer did so by designing the units and community spaces to cater to the religious needs of White Hasidic Jewish homebuyers, and by marketing the units predominantly to White Hasidic Jewish prospective homebuyers, while excluding Black prospective homebuyers and otherwise failing to affirmatively market the units to the entire community.

19. As part of HUD's investigation of the administrative complaints, HUD estimated that—of 44 deedholders at the condominium development for whom HUD was able to run an

analysis—more than 91% were likely to be White and non-Hispanic, in a census tract where only 14.4% of the population was White and non-Hispanic.

20. Spring Valley and Rockland County were recipients of the relevant HUD grant funding of which the developer was a subrecipient.

21. Spring Valley and Rockland County became aware of allegations that the developer was excluding interested Black homebuyers as of 2010 and 2012, respectively, but failed to ensure that appropriate remedial steps were taken before the project was completed and the units were sold.

22. In response to the administrative complaints, HUD investigated, among other things, whether Rockland County and Spring Valley had met their obligations as HUD grant recipients to ensure that the 62 condominium units built with HUD grant funds were marketed and sold in a nondiscriminatory way.

23. Ultimately, before HUD issued a determination of reasonable cause or a charge of discrimination, HUD resolved the administrative complaints through the HUD conciliation process provided under 42 U.S.C. § 3610(b) and through efforts to achieve voluntary compliance pursuant to Title VI under 42 U.S.C. § 2000d-1.

24. Specifically, in December 2016, HUD entered into a conciliation agreement with the private developer and two individuals; and in March 2018, HUD entered into the VCA with Rockland County and Spring Valley that is at issue in this action.

### B. The VCA Between HUD, Spring Valley, and Rockland County

25. On March 23, 2018, HUD entered into the VCA with Rockland County and Spring Valley.  *See* Voluntary Compliance Agreement and Conciliation Agreement Between U.S. Department of Housing and Urban Development and Rockland County, New York, and

Village of Spring Valley, New York, HUD Case Nos. 02-17-6165-8; 02-17-0010-6; 2-17-6166-8; 02-17-0011-6, annexed hereto as Exhibit A.

26. The VCA required Spring Valley and Rockland County to "ensure the development and/or rehabilitation of at least sixty-two (62) affordable housing units" meeting specified criteria within seven years of the implementation of the Agreement. VCA § III.1.

27. The VCA set forth requirements for the affordable units Defendants were required to develop or rehabilitate under the Agreement, including (i) whether those units were to be built in specific projects already under development; (ii) whether the units were to be homeownership or rental units; (iii) whether the units were required to be built in the Village of Spring Valley; and (iv) the applicable affordability requirements for different segments of the affordable units required to be built. VCA § III.1.a-.c.

28. The VCA also required Rockland County to submit an "Affirmative Fair Housing Marketing Plan" to HUD that would "encourage the participation of eligible persons without regard to race, color, national origin (which includes limited English proficient persons), sex, religion, familial status, or disability," which was required to be "approved by HUD before commencement of marketing activities." VCA § III.1.f.

29. The VCA also required Defendants to provide regular implementation reports to HUD, and created specific milestones to be attained within certain years of the implementation of the Agreement. VCA § III.1.j.

30. Specifically, the VCA required Defendants:
   a. to "identify the units to be created and/or rehabilitated" and "complete and have ready for occupancy 40% of the targeted 62 units," or approximately 25 units, within years 1-3 of the implementation of the VCA;

6

      b. to "have an additional 40% of the targeted units," or another approximately 25 units, "occupied or ready for occupancy" within years 3-5 of the implementation of the VCA; and

      c. to "have the remaining 20% of the units," or approximately 12 units, occupied within years 6-7 of the implementation of the VCA.

*See* VCA § III.1.j.

31. The VCA provides that if HUD has reasonable cause to believe that Defendants breached the Agreement, HUD will provide them 30 days' notice before referring the matter to the Department of Justice to commence a civil action in the appropriate U.S. District Court, pursuant to 42 U.S.C. §§ 3610(c) and 3614(b)(2). VCA § VII. During the 30-day period, the County and the Village may "present a submission" to HUD "setting forth their position as to why this matter should not be referred" to the Department of Justice. *Id.*

      **C.**    **Defendants Failed to Meet the VCA's Initial Timelines**

32. By November 2019, HUD had developed concerns regarding the County's and the Village's compliance with the VCA.

33. By letter dated November 4, 2019, HUD advised Defendants of these concerns, including: (1) that the 13 units under construction at the Nyack Pavion Apartments development in Nyack, New York, which had been identified in the VCA as planned affordable units, could not count toward the totals under the VCA because they did not meet several VCA requirements; and (2) that Defendants' quarterly reports did not show meaningful progress toward meeting the VCA's requirements.

34. In response to that letter, Rockland County stated that it would contract with a nonprofit organization to assist in identifying sites for the development of affordable housing.

35. Defendants also submitted certain periodic reports called for by the VCA and other correspondence to HUD, and met with HUD on certain occasions.[1] Despite tentatively identifying various sites and housing projects as potential locations for affordable housing units under the Agreement, none of those plans came to fruition such that additional units meeting the VCA's requirements were completed under the timelines originally set forth in the VCA.

36. Ultimately, during the first three years of the Agreement, only four of the 62 affordable units required to be developed or rehabilitated were completed—at a project called Nyack Point in Nyack, New York, which was completed in 2018.

### D.  The February 2021 Amendment to the VCA

37. In September 2020, Rockland County requested that the deadlines in the VCA be extended due to the COVID-19 pandemic.

38. On February 11, 2021, the parties agreed to amend the Agreement to modify the "timeline for completion and the number of affordable housing units to be created." *See* VCA Addendum, annexed hereto as Exhibit B.[2]

39. Under the amended VCA, by March 2021, Defendants were required, *inter alia*, to:

   a. "Identify areas within the County where units can/should be created or rehabilitated";

---

[1] While Rockland County regularly submitted quarterly reports as required, Spring Valley frequently did not submit such reports and/or did not participate in the submission of the reports provided by Rockland County.

[2] The amendment also eliminated VCA § III.1.b, which had required 13 of the affordable units to be built at a development called Nyack Pavion Apartments. As noted above, HUD had previously identified multiple reasons why this development did not meet VCA requirements, and Rockland County had previously acknowledged that these deficiencies would preclude counting them as affordable units required to be completed under the Agreement.

8

    b. "Submit to HUD for review and approval an Affirmative Marketing Fair Housing Plan in accordance with the requirements" of the VCA; and

    c. "Submit to HUD for review and approval a deed restriction that is applicable to both homeownership units and rental units as required" by the VCA.

*See* VCA Addendum.

40. The amendment to the VCA also set the following additional deadlines:

    a. By March 2023: "Eighteen (18) units to be completed . . . with at least four (4) of these units being homeownership units";

    b. By March 2025: "Fifteen (15) units to be completed . . . with at least eight (8) of these units being homeownership units";

    c. By March 2027: "Thirteen (13) units to be completed . . . with at least eight (8) of these units being homeownership units"; and

    d. By March 2029: "Twelve (12) units to be completed . . . with at least eleven (11) of these units being homeownership units."

*See* VCA Addendum.

41. In total, the VCA, as amended, required Defendants to complete 58 units, of which 31 were required to be homeownership units.

42. Defendants failed to comply with the VCA, as amended, as to some or all of the requirements with deadlines in March 2021.

43. While Rockland County made initial efforts to draft a marketing plan as required by the VCA, the County's proposed marketing plan was never finalized and approved by HUD, as required by the VCA.

44. Specifically, Rockland County submitted a draft marketing plan to HUD in December 2020, and later re-submitted a revised draft marketing plan to HUD in July 2021.

9

HUD responded by providing technical assistance and meeting with County representatives. However, no marketing plan was ever given final approval by HUD because, as submitted, the marketing plan was not specific to the marketing of any identified affordable housing units; and Rockland County has not further revised the marketing plan in response to HUD's July 2021 comments or proposed finalizing it with respect to any specific affordable units.

45. Furthermore, Defendants failed to develop or rehabilitate any of the additional 18 qualifying affordable units that were required to be completed by March 2023.

46. Upon information and belief, Defendants have not commenced work upon any of the additional 15 qualifying affordable units that are required to be completed by March 2025. Defendants do not have a HUD-approved marketing plan for any such units and do not have a HUD-approved deed restriction applicable to any such units.

47. Contrary to the requirements of the VCA, Defendants have failed to ensure the completion of a single additional affordable housing unit meeting the terms and criteria set forth in the VCA since the completion of the four units in the Nyack Point project in 2018.

### E.  Notification of Breach

48. After numerous attempts to secure Defendants' performance of their obligations under the VCA, HUD determined that Defendants had failed to perform those obligations and materially breached the Agreement.

49. On November 26, 2024, pursuant to VCA § VII, HUD sent a letter to Spring Valley and Rockland County advising them of its finding that Defendants had breached the VCA and were not in compliance with Title VI, and providing them 30 days' notice that HUD intended to refer the matter to the Department of Justice for enforcement in United States District Court.

50. While both the County and the Village have provided certain responses to HUD's notification of breach dated November 26, 2024, neither has identified specific steps they are taking or intend to take to come into compliance with the VCA.

51. While Spring Valley claims that it has built certain affordable housing units and therefore is in compliance with the VCA, to date it has not substantiated those claims in response to a request by HUD. Nor has Spring Valley explained how it could be in compliance when it has never developed a HUD-approved marketing plan or deed restriction for any affordable units, as the VCA requires.

52. On January 9, 2025, HUD referred the matter to the Department of Justice with a recommendation that a civil action be filed to remedy the breach of the Agreement pursuant to the Fair Housing Act, 42 U.S.C. §§ 3610(c) and 3614(b)(2).

## CLAIM FOR RELIEF:
## BREACH OF CONCILIATION AGREEMENT UNDER THE FAIR HOUSING ACT

53. The allegations of the preceding paragraphs are incorporated by reference as though set forth fully herein.

54. Under the VCA, as amended, Spring Valley and Rockland County undertook obligations to complete the development or rehabilitation of 58 affordable housing units meeting specified criteria (in addition to the four affordable housing units completed as required under the original VCA), and to complete the interim steps required in order for prospective units to meet the requirements of the Agreement.

55. Defendants are materially in breach of the VCA, including:

    a. By failing to meet the requirements to complete the interim steps required to be completed by March 2021 under the VCA amendment, including

        (i) identifying areas where qualifying units can be created or rehabilitated;

>> (ii) developing a HUD-approved Affirmative Marketing Fair Housing Plan in compliance with the VCA; and (iii) developing a HUD-approved deed restriction applicable to both homeownership units and rental units in compliance with the VCA;
>
> b. By failing to complete the development or rehabilitation of 18 additional affordable housing units by March 2023 under the VCA amendment; and
>
> c. By failing to take such steps as are necessary to comply with the remainder of the VCA's requirements by the deadlines set forth in the VCA.

56. As set forth above, on January 9, 2025, upon reasonable cause to believe that Rockland County and Spring Valley breached the VCA, HUD referred this matter to the Department of Justice with a recommendation that a civil action be filed for the enforcement of the Agreement, pursuant to 42 U.S.C. §§ 3610(c) and 3614(b)(2).

57. Pursuant to 42 U.S.C. § 3614(b)(2), the United States brings this action in an appropriate United States District Court seeking appropriate relief with respect to breach of a conciliation agreement, within 90 days after the referral of the breach to the Department of Justice by HUD.

58. In a civil action for appropriate relief under the FHA, including with respect to breach of a conciliation agreement under 42 U.S.C. § 3614(b), the Court may assess a civil penalty to vindicate the public interest in an amount not to exceed $127,983 for a first violation, and $255,964 for any subsequent violation, for violations occurring after November 2, 2015. 42 U.S.C. § 3614(d)(1)(C); Department of Justice, Civil Monetary Penalties Inflation Adjustments for 2024, 89 Fed. Reg. 9,764, 9,767 (Feb. 12, 2024).

## RELIEF REQUESTED

WHEREFORE, the United States of America respectfully requests that the Court:

(1) Enforce the Voluntary Compliance Agreement and Conciliation Agreement, as entered into in March 2018 and as subsequently amended in February 2021, and enjoin Defendants to comply with its terms by developing the remaining affordable units and taking such other requisite steps as are required by the Agreement within an appropriate period, pursuant to 42 U.S.C. § 3614(d)(1)(A);

(2) Declare that Defendants have breached the Voluntary Compliance Agreement and Conciliation Agreement, pursuant to 42 U.S.C. § 3614(d)(1)(B);

(3) Assess civil penalties against Defendants to vindicate the public interest pursuant to 42 U.S.C. § 3614(d)(1)(C);

(4) Award the United States its costs in this action; and

(5) Grant such other and further relief as the Court deems just and appropriate and as the interests of justice may require.

## JURY DEMAND

The United States demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 17, 2025
       New York, New York

EDWARD Y. KIM
Acting United States Attorney for the
Southern District of New York

By: _____
    SAMUEL DOLINGER
    Assistant United States Attorney
    86 Chambers Street, 3rd Floor
    New York, New York 10007
    Tel.: (212) 637-2677
    samuel.dolinger@usdoj.gov
